**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW GIAMBOI, | : | No. 3:11cv159 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| PRISON HEALTH SERVICES, | : | |
| INC.; PHS CORRECTIONAL | : | |
| HEALTHCARE; KATHRYN | : | |
| McCARTY; DR. MICHAEL | : | |
| WEISNER; DR. STANLEY | : | |
| STANDISH; CRN ANN | : | |
| BATDORF; PA-C JESSE | : | |
| COLABINE; and AMY | : | |
| WESCOTT, | : | |
| Defendants | : | |

## MEMORANDUM

Before the court is Magistrate Judge J. Andrew Smyser's report and recommendation which proposes that defendants' motion to dismiss (Doc. 18) be granted in part and denied in part. Plaintiff Giamboi and Defendant Kathryn McCarty object to the report and recommendation. The matter is fully briefed and ripe for disposition.

## BACKGROUND[1]

Plaintiff Andrew Giamboi is an inmate incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"). (Compl. ¶ 3 (Doc. 1)). For several years, plaintiff suffered from sciatica-like symptoms. (Id. ¶ 17). Plaintiff went to sick call several times about his

---

[1] We recite the facts as set forth in plaintiff's complaint because we are ruling on motions to dismiss. However, we make no ruling at this time as to whether the allegations are true or false.

symptoms. (Id. ¶ 19). Prison Health Services ("PHS"),[2] including the individually named defendants in plaintiff's complaint, limited plaintiff's access to doctors, appropriate diagnostic testing and other care. (Id. ¶ 20). Between November 2006 and February 2009, plaintiff made repeated complaints about back pain radiating down his legs. An MRI was required to determine the cause of the plaintiff's symptoms. However, he was not given an MRI. Instead, in November 2006, plaintiff was given a standard x-ray which did not reveal acute pathology. Plaintiff saw multiple practitioners, including defendants Dr. Michael Weisner, Dr. Stanley Stanish, Ann Batdorf, a certified nurse, Jesse Colabine, a certified physician's assistant, and Amy Wescott, employed in an unidentified capacity. None of the defendants ordered an MRI. They dismissed plaintiff's complaints as sciatica and gave him Motrin, an over-the-counter pain reliever. (Id. ¶¶ 23, 26).

In the beginning of 2009, plaintiff's pain became unbearable. Plaintiff was developing Cauda Equina Syndrome, a medical emergency that requires immediate MRI of the lumbar spine to determine if a lesion, abscess or "free body" in the spinal canal is pressing on the nerves. (Id. ¶ 28). Defendants still did not give him an MRI. Instead, a standard x-ray of his lumbar spine was taken, which did not reveal any cause of plaintiff's symptoms. (Id. ¶ 30).

On July 7, 2009, plaintiff saw Defendant Weisner, who prescribed plaintiff medication. (Id. ¶ 35). Plaintiff asked Weisner if he would

---

[2] Plaintiff alleges that Prison Health Services and PHS Correctional Healthcare are the same company or are affiliated companies. He refers to Prison Health Services and PHS Correctional Healthcare collectively as PHS.

diagnose the sciatica as chronic.  (Id.)   Weisner responded that he could see plaintiff was in pain, however, PHS and medical personnel at SCI-Coal Township do not diagnose sciatica as chronic because many people claim to have it.  (Id.)

By July 10, 2009, plaintiff lost all feeling in his penis, testicles, perineum, anus, most of his buttocks and the back inside of his upper thighs.  (Id. ¶ 36).  He also lost the ability to have a bowel movement and to use the muscles involved in urination.  (Id.)  Plaintiff asked a block officer to contact the medical department.  Hours later a nurse came to examine the plaintiff.

The next morning, the medical department called the plaintiff.  A nurse practitioner said that plaintiff could not possibly lose feeling without being completely paralyzed.  (Id. ¶ 38).  The nurse put a finger in plaintiff's sphincter, said that everything seemed to be in order and sent plaintiff away.  (Id.)

Over the next few days, plaintiff suffered from excruciating pain.  He again went to the medical department, but they simply gave him enemas and attempted to loosen his bowel.  Despite the plaintiff repeatedly informing the defendants of his severe pain and the loss of feeling in his body, defendants only treated him for constipation.  (Id. ¶ 39).

Only after plaintiff's mother intervened did PHS and its medical personnel seriously consider plaintiff's condition.  They referred plaintiff to an outside neurosurgeon, Dr. De Luna.  Dr. De Luna conducted imaging studies which revealed a herniated disc with a "free body."  (Id. ¶ 41).  Dr. De Luna successfully removed the "free body"during surgery.  However, too much time had elapsed and plaintiff's symptoms have not improved.

Plaintiff still suffers from saddle anesthesia, urinary retention, inability to ejaculate, loss of rectal sphincter control resulting in frequent incontinent accidents, soiling of clothes and more than twenty bowel movements per day.  (Id. ¶ 43).  Plaintiff has no hope that he will recover any of his lost physiological functions.  (Id. ¶ 44).

Plaintiff filed a complaint on January 24, 2011.  (Doc. 1).  Plaintiff names Prison Health Services, Inc., a national company contracted to provide healthcare to prisons and jails, and PHS Correctional Healthcare as defendants.  Plaintiff also names the following individuals as defendants: Kathryn McCarty, a Health Care Administrator for SCI-Coal Township; Michael Weisner, a doctor employed or contracted by PHS; Stanley Stanish, a doctor employed or contracted by PHS; Ann Batdorf, a certified registered nurse employed by PHS; Jesse Colabine, a certified physician's assistant employed by PHS; and Amy Wescott, employed in an unidentified capacity by PHS to provide health care to inmates at SCI-Coal Township. (Id. ¶¶ 7-12).

Plaintiff claims that the defendants' actions caused his permanent partial paralysis and other injuries and damages.  He brings this action pursuant to 42 U.S.C. § 1983, claiming defendants' conduct constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  (Id. ¶ 60).  Plaintiff also claims that the defendants acted negligently in breaching their duty of care owed to the plaintiff. Plaintiff asserts damages for severe pain, permanent partial paralysis, reduced earning capacity, future medical expenses, past and future embarrassment and humiliation, and past and future loss of ability to enjoy the pleasures of life.  (Id. ¶ 45).

Defendants filed a motion to dismiss the complaint on March 21, 2011.  (Doc. 18).  The motion was referred to Magistrate Judge Smyser who issued a report and recommendation on June 2, 2011.  (Doc. 44).  Magistrate Judge Smyser recommended that the Eighth Amendment claims against Defendants Weisner, Stanish, Batdorf, and Colabine be dismissed, as the allegations are insufficient to allege deliberate indifference.  He recommended that the Eighth Amendment claims against Defendants PHS and PHS Correctional based on their policies or customs regarding saving money, managing potential litigation and failing to train be dismissed.  He recommended that the motion to dismiss otherwise be denied.  He also recommended that the motion to dismiss filed by Defendant McCarty be denied.  He recommended that plaintiff be granted leave to file an amended complaint.  Plaintiff and Defendant McCarty object to the report and recommendation, bringing the case to its present posture.[3]

**JURISDICTION**

The court has federal question jurisdiction over this case brought under § 1983 for violation of plaintiff's constitutional rights.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**LEGAL STANDARD**

In disposing of objections to a magistrate judge's report and recommendation, we make a *de novo* determination of those portions of

---

[3] Defendants PHS and PHS employees are represented by separate counsel and did not file objections.  (Defendant's Br. in Supp. at 1 (Doc. 49)).

the report to which objections are made.  28 U.S.C. § 636 (b)(1)(c); <u>see also</u> <u>Henderson v. Carlson</u>, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  We may also receive further evidence or recommit the matter to the magistrate judge with instructions.  <u>Id.</u>

Before the court is the magistrate judge's recommendation that we grant in part and deny in part defendant's motion to dismiss for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When a 12(b)(6) motion is filed, the sufficiency of the complaint's allegations are tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  The plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  <u>Id.</u> at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to

the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.
1997).  However, "we are not bound to accept as true a legal conclusion
couched as a factual allegation."  Ashcroft v. Iqbal, – U.S. –,  129 S. Ct.
1937, 1949-50 (2009) (internal quotations omitted).  The Supreme Court
has counseled that a court examining a motion to dismiss should, "begin
by identifying pleadings that, because they are no more than conclusions,
are not entitled to the assumption of truth."  Id. at 1950.  Next, the court
should make a context-specific inquiry into the "factual allegations in [the]
complaint to determine if they plausibly suggest an entitlement to relief."
Id. at 1950-51.

To decide a motion to dismiss, a court generally should consider only
the allegations in the complaint, exhibits attached to the complaint, matters
of public record and documents that form the basis of a claim.  See In re
Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997);
Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192,
1196 (3d Cir. 1993).

**DISCUSSION**

Magistrate Judge Smyser's report and recommendation suggest that
the defendant's motion to dismiss be granted in part and denied in part.
Plaintiff and Defendant McCarty both filed objections to the magistrate
judge's report and recommendation.  The court will examine each in turn.

**1. Deliberate Indifference of the Defendants Weisner, Stanish, Batdorf
and Colabine**

Plaintiff objects to the magistrate judge's findings that the allegations
in the complaint are insufficient to allege deliberate indifference by the
Defendants Weisner, Stanish, Batdorf, and Colabine.  Plaintiff argues that

the allegations contained in the complaint demonstrate defendants'
knowledge of plaintiff's serious medical need. (Plaintiffs' Br. in Supp. at 6
(Doc. 47)). He also alleges that despite their knowledge they were
indifferent to plaintiff's severe pain. We disagree.

"[T]he Eighth Amendment's prohibition against cruel and unusual
punishment requires prison officials to provide basic medical treatment to
those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d
Cir. 1999). In order for the plaintiff to state a viable Eighth Amendment
medical care claim against a defendant he must allege facts from which it
can reasonably be inferred that the defendant acted with deliberate
indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97,
107 (1976). A prisoner plaintiff "must show (i) a serious medical need, and
(ii) acts or omissions by prison officials that indicate deliberate indifference
to that need." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d
Cir. 2003) (citing Rouse, 182 F.3d at 197 (3d Cir.1999)).

The Supreme Court has established that the proper analysis for
deliberate indifference is whether a prison official "acted or failed to act
despite his knowledge of a substantial risk of serious harm." Farmer v.
Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A
complaint that a physician or a medical department "has been negligent in
diagnosing or treating a medical condition does not state a valid claim of
medical mistreatment under the Eighth Amendment [as] medical
malpractice does not become a constitutional violation merely because the
victim is a prisoner." Estelle, 429 U.S. at 106. When a prisoner has
actually been provided with medical treatment, one cannot always
conclude that, if such treatment was inadequate, it was no more than mere

negligence.  See Durmer v. O'Carrol, 991 F.2d 64, 69 (3d Cir.1993).

It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by nonmedical factors, a constitutional claim may be presented.  See id; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

Here, plaintiff's complaint failed to state factual allegations indicating that the defendants knew that their conduct presented a substantial risk of harm to the plaintiff and that they disregarded that risk by failing to take reasonable measures to abate it.  Plaintiff argues that under Rule 9(b) of the Federal Rules of Civil Procedure, "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally."  (Plaintiff's Br. in Supp. at 4 (Doc. 47)).  However, as noted by the magistrate judge, Rule 9(b) merely excuses a party from pleading discriminatory intent under an elevated pleading standard.  Iqbal, 129 S. Ct. at 1954.   Plaintiff restated numerous facts included in his complaint detailing plaintiff's symptoms and his need of an MRI to detect the cause of his condition.  Plaintiff makes broad allegations that defendants were deliberately indifferent and does not point to any facts that raise a reasonable inference that defendants knew their conduct presented a substantial risk of harm to the plaintiff.

An error in medical judgment does not present a constitutional violation under the Eighth Amendment.  Defendants' diagnosis of plaintiff's condition as a sciatica or failure to classify it as chronic does not lead to an inference of deliberate indifference.  At most it leads to a possible

inference of negligence.  The facts alleged by the plaintiff in this case do not demonstrate that defendants Weisner, Stanish, Batdorf and Colabine acted deliberately in failing to provide or delaying treatment.  Plaintiff's complaint fails to set forth a plausible claim under the Eight Amendment upon which relief may be granted.  Accordingly, plaintiff's Eighth Amendment claim against defendants Weisner, Stanish, Batdorf and Wescott will be dismissed.

## 2. Deliberate Indifference of Defendant McCarty

Unlike the allegations asserted against defendants Weisner, Stanish, Batdorf and Wescott, the magistrate judge found that the complaint alleges facts from which it can reasonably be inferred that Defendant McCarty was deliberately indifferent to the plaintiff's serious medical needs.  The complaint alleges that McCarty helped to create, to implement and/or to retain the policies and customs of PHS.  (See Compl. ¶ 53 (Doc. 1)).  The magistrate judge found that the complaint does not plead facts from which it can be inferred that, during the time that the plaintiff was being treated by the medical staff for his sciatica, McCarty was deliberately indifferent to the plaintiff's needs.  However, the complaint does allege facts from which it can reasonably be inferred that McCarty had a reason to believe that Plaintiff's medical condition was not being treated after he was partially paralyzed.  This court agrees.

The facts alleged in the complaint support a reasonable inference that McCarty failed to act despite her knowledge of a substantial risk of serious harm.  McCarty argues that she should be dismissed as a defendant because she has an administrative role and does not decide the course of treatment an inmate should receive and she does not prescribe

medications. She adds, "She had no reason to believe that the medical professionals were mistreating the Plaintiff or not treating him at all." (Defendant's Br. in Supp. at 11 (Doc. 49)). However, plaintiff alleged in his complaint that when PHS would not let plaintiff see a doctor he sought McCarty's help. Plaintiff complained that he had repeatedly gone through sick call and had not received adequate care. In response to these pleas, McCarty told Plaintiff that he needed to go to sick call. The complaint alleges facts that McCarty had reason to believe that Plaintiff's medical condition was not being treated after the partial paralysis. Therefore, it may be reasonably inferred that McCarty had knowledge of the substantial risk of plaintiff's condition and was deliberately indifferent to that risk.

While Defendant McCarty argues that fewer factual allegations are made against her than the other defendants in plaintiff's complaint, the quantity of the allegations are not as important as the quality of the pleadings and, consequently, a reasonable inference of deliberate indifference may be drawn. Accordingly, McCarty's objections will be overruled and her motion to dismiss will be denied.

## 3. PHS's Policies and Customs

Defendants PHS and PHS Correctional argue that plaintiff's complaint fails to state a claim upon which relief can be granted because it fails to adequately allege a policy or custom that deprived the plaintiff of medical care. The magistrate judge found the alleged policies and customs regarding saving money, managing potential litigation and failing to train are conclusory. However, because plaintiff alleged several policies or customs that were sufficiently plead, the magistrate judge found that the plaintiff's complaint does not fail to state a claim of municipal liability.

Plaintiff objects to the magistrate judge's finding that PHS's policy or custom of saving money is conclusory.

A municipality may be found liable under 42 U.S.C. §1983 only when the municipality itself has caused a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Liability only exists when "'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Thus, "[a] public entity . . . may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997).

In the instant case, the magistrate judge found that plaintiff failed to state a claim upon which relief can be granted as to some of the policies and customs that plaintiff alleges in his complaint. Plaintiff objects to only one of the magistrate's recommendations, PHS's policy or custom to save money. This court agrees with the magistrate judge that this allegation of a policy or custom is conclusory. Plaintiff does not indicate any relevant policy in connection with PHS's desire to save money. It appears that saving money isn't a policy or custom as much as a general concern or "attitude" as the magistrate judge categorizes it. This allegation is not sufficient to support a finding that it is a custom or policy or reveal a deliberate indifference to inmates as plaintiff suggests.

The court agrees that plaintiff failed to state a claim upon which relief

may be granted as to this policy or custom.  Plaintiff's complaint alleges several other policies or customs of PHS that the magistrate judge did not find conclusory and that were not challenged by defendants in their objections to the report and recommendation.  Therefore, the defendant's motion to dismiss plaintiff's complaint will be overruled.

**CONCLUSION**

For the reasons set forth above, the magistrate judge's report and recommendation will be adopted. The Eighth Amendment claims against defendants Weisner, Stanish, Batdorf, and Colabine will be dismissed. The §1983 claims against defendants PHS and PHS Correctional based on their policies or customs regarding saving money, managing potential litigation and failing to train are dismissed.  If plaintiff chooses, he may file an amended complaint within thirty (30) days from the date of this order.  If plaintiff fails to file an amended complaint, the case will proceed on the original complaint consistent with this memorandum.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW GIAMBOI, | : | No. 3:11cv159 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| v. | : | **(Magistrate Judge Smyser)** |
| | : | |
| PRISON HEALTH SERVICES, | : | |
| INC.; PHS CORRECTIONAL | : | |
| HEALTHCARE; KATHRYN | : | |
| McCARTY; DR. MICHAEL | : | |
| WEISNER; DR. STANLEY | : | |
| STANDISH; CRN ANN | : | |
| BATDORF; PA-C JESSE | : | |
| COLABINE; and AMY | : | |
| WESCOTT, | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 2nd day of November  2011, upon

consideration of the plaintiff's and defendant's objections to the report and

recommendation of Magistrate Judge J. Andrew Smyser, it is HEREBY

**ORDERED** as follows:

(1) Magistrate Judge Smyser's report and recommendation (Doc. 44)

is hereby **ADOPTED**;

(2) The Eighth Amendment claims against defendants Weisner,

Stanish, Batdorf and Colabine are **DISMISSED**;

(3) The plaintiff's objections to the report and recommendation (Doc.

47) are **OVERRULED;**

(4) The defendant's objections to the report and recommendation

(Doc. 49) are **OVERRULED;**

(5) The plaintiff is directed to file an amended complaint within thirty (30) days from the date of this order or proceed on the original complaint with the parts dismissed as discussed in the accompanying memorandum; and

(6) The Clerk of Court is directed to remand this case to Magistrate Judge Smyser for further proceedings consistent with this memorandum.

        **BY THE COURT:**

        **s/ James M. Munley**

        **JUDGE JAMES M. MUNLEY**

        **United States District Court**